IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR147** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **FERNANDO YBARRA,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion filed by the Defendant, Fernando Ybarra, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 43).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Ybarra pleaded guilty to count I of the Indictment charging him with conspiracy to distribute and possess with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Ybarra's plea agreement advised him that the statutory penalties for his count of conviction include a term of imprisonment between five and forty years. (Filing No. 24, ¶ 1.) His plea agreement included an appeal waiver and a waiver of his right to file a motion under 28 U.S.C. § 2255, with the following exception: "The right to seek post

conviction relief based on ineffective assistance of counsel or prosecutorial misconduct, if the grounds for such claim are not known to you, or not reasonably knowable by you, at the time you enter your plea pursuant to this plea agreement." (*Id.*, ¶ 2c.) Also, the parties agreed that the Defendant would be held responsible beyond a reasonable doubt for at least five grams but less than twenty grams of cocaine base, resulting in a base offense level of 26. (*Id.*, ¶ 9.)

In completing the plea petition, Ybarra answered "yes" to the following questions: 1) Do you understand that "if you plead GUILTY, the judge may impose the same punishment as if you had pleaded NOT GUILTY and had been convicted by a jury?"; and 2) "Do you know that the sentence you will receive is solely a matter for the judge to decide?" (Filing No. 23, ¶¶ 12(a) & (b).) Ybarra's answer to the question inquiring "[w]hat is the maximum term of imprisonment" was "5-40 yrs," and he answered that the mandatory minimum punishment was "5 yrs." (*Id.*, ¶¶ 13(a) & (b).) Ybarra acknowledged that he understood that there was no guarantee that his sentence would be within any particular sentencing guideline range. (*Id.*, ¶ 19.) He stated that he understood that prior criminal convictions could increase his sentence under the guidelines. (Id., ¶ 27.) Ybarra stated that his plea and the waivers of his rights were voluntarily made and free of force or threats. (*Id.*, ¶ 34.) In answer to the question inquiring "[w]hat acts did you do that cause you to think you are guilty of the charge(s) to which you want to plead GUILTY," Ybarra answered: "I was involved w/ others in the sell [sic] of crack cocaine." (*Id.*, ¶ 45.)    At the change-of-plea hearing, Magistrate Judge Thomas D. Thalken advised Ybarra in detail of the elements of the offense to which he was pleading guilty. (Filing No. 28 ("Tr."), at 7.) Ybarra stated that he understood the elements. (*Id.* at 8.) He understood the statutory

range of five to forty years imprisonment, that the sentencing guidelines were advisory, and that the sentence imposed could be different from the sentence he or his attorney expected. (*Id.* at 8, 9.) He understood that whether he pled guilty or not, the Judge could impose the same sentence that she might impose had he not pled guilty. (*Id.* at 15.) Ybarra stated that he understood he was waiving his rights to appeal his conviction and sentence and to file a post-conviction motion except under the certain circumstances set out in his plea agreement. (*Id.* at 9-10.) Defense counsel stated that he met with Ybarra on approximately three occasions over a period of a "couple" of months to discuss the plea agreement before they determined together that it was in Ybarra's best interest to plead guilty. Ybarra completed the plea petition himself. Ybarra agreed with his attorney's description of the process of completing the plea documents. (*Id.* at 14.) Ybarra assured Judge Thalken that he read his plea documents before signing them, he understood them, and he asked his attorney any questions and understood his attorney's answers. (*Id.* at 16.) At the time of the change-of-plea hearing, Ybarra was satisfied with the representation of his attorney, D. C. Bradford, and he had no objections to the manner in which Mr. Bradford had represented him. (*Id.* at 16.) Ybarra understood that by pleading guilty he waived "the constitutional right to challenge, contest, or object to evidence, including the right to question the lawfulness of any confession or statement made by [him], and the right to challenge any evidence which the government has obtained in this case against [him]." (*Id.* at 18.) Ybarra stated that he was voluntarily pleading guilty and had not been threatened or forced by anyone in deciding to plead guilty. (*Id.* at 20.) Ybarra agreed that the following factual basis provided by the government was accurate, that he had done

these things, and that the government could prove the following facts beyond a reasonable doubt:

> On January 24th of this year, [an] Omaha police officer observed Mr. Ybarra make a hand-to-hand buy with an unknown female. At that time law enforcement made contact with Mr. Ybarra who had approximately four grams of crack cocaine on his person.
>
> Mr. Ybarra admitted to law enforcement that he'd been selling crack cocaine in the are of 22nd and Jones for the last six months. This would equate to at least five grams but less than twenty grams of crack cocaine.

(*Id.* at 21-22.)

Moreover, Judge Thalken engaged in a detailed colloquy with Ybarra to ensure that he had committed the conspiracy offense involving at least five grams of cocaine base:

> THE COURT:  Now, on question 45 on page 14 of your petition to enter a plea of guilty, it says, "What acts did you do that cause you to think you're guilty of the charge to which you want to plead guilty?"
>
> And it says, "I was involved with others in the sale – in the sell of crack cocaine"; is that correct?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT:  In other words, from the period of June 2005 through January 24th of 2006 in the District of Nebraska, you had an agreement with at least one other person to distribute crack cocaine; is that right?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT:  And that crack cocaine involved more than five grams; is that right? The total amount?
>
> THE DEFENDANT: Yes, your Honor.

(*Id.* at 22.)

Judge Thalken recommended that Ybarra's plea and plea agreement be accepted, and the recommendations were adopted. (Filing Nos. 29, 37.)

4

The Presentence Investigation Report ("PSR") provided, consistent with the plea agreement, that the applicable drug amount was at least five but less than twenty grams of cocaine base, resulting in base offense level 26. After a three-level reduction in the offense level for acceptance of responsibility, Ybarra's total offense level was 23. The total level of 23, together with placement in criminal history category VI, resulted in a sentencing guideline range of 92 to 115 months. (PSR, ¶ 69.)

On January 22, 2007, Ybarra was sentenced to 84 months imprisonment. The Court departed downward on the Defendant's motion based on overstatement of criminal history. (Filing Nos. 36, 39.) No direct appeal was filed. Ybarra filed a timely § 2255 motion.[1]

## DISCUSSION

In his § 2255 motion, Ybarra argues: his conviction was obtained by evidence gained through an unconstitutional search and seizure; he received ineffective assistance of counsel because he had only 4.3 grams of cocaine base and therefore could only be guilty of possessing crack cocaine as opposed to the conspiracy charge; and he unknowingly was denied his right to appeal. Also in his motion, Ybarra argues that he received ineffective assistance of counsel because his attorney assured him that he would receive no more than sixty months imprisonment.

**UNCONSTITUTIONAL SEARCH AND SEIZURE**

---

[1]Ybarra also filed pro se a motion to reduce his sentence, based on the recent amendment to U.S.S.G. § 2D1.1 addressing the cocaine base and powder cocaine disparity. (Filing No. 42.) Counsel has been appointed for purposes of this motion (Filing No. 44), and the motion to reduce Ybarra's sentence will be addressed separately from his § 2255 motion.

5

No pretrial motions were filed in this case. At the change of plea hearing, Ybarra stated under oath that he understood that by pleading guilty he was waiving the right to challenge the government's evidence against him. This claim is denied.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In order to establish ineffective assistance of counsel, Ybarra must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### *Conspiracy Charge*

Ybarra was thoroughly advised of the elements of the conspiracy count to which he pleaded guilty. Ybarra was repeatedly advised in his plea documents and at the change-of-plea hearing of the applicable drug amount. He stated under oath that the government could prove each element of the offense beyond a reasonable doubt and that he committed acts comprising each element, including the drug amount of at least five grams of crack cocaine. Moreover, because the grounds for this ineffective assistance of counsel claim were knowable or reasonably knowable by Ybarra at the time he entered his plea, this claim is precluded by his plea agreement. For these reasons, Ybarra cannot prove either *Strickland* prong and this claim is denied.

*Maximum Sentence*

Ybarra was repeatedly advised of the statutory penalty of five to forty years imprisonment. He met with defense counsel at least three times to discuss the plea agreement and completed the plea petition himself. He stated under oath that he understood the statutory range and that the sentence could be outside his guideline range and was for the judge to decide. The record does not support his argument. Ybarra cannot prove either *Strickland* prong, and this claim is denied.

### RIGHT TO APPEAL

Ybarra was advised in his plea agreement and at his change of plea hearing that he was waiving his right to appeal, with limited exceptions. Again, he repeatedly discussed the plea agreement with counsel, stated that he understood all plea papers, and stated that he understood he was waiving his right to appeal. This claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 43);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 43) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4.	The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 8th day of February, 2008.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge